S. A. Carroll *v.* J. and W. Parkes *et al.*

1. Practice. *Bill of interpleader.* A bill of interpleader will not be entertained where the complainant has a clear and unembarrassed remedy at law.

2. Same. *Garnishee. His remedy at law.* A garnishee has a clear and unembarrassed remedy at law to protect himself against an erroneous judgment in favor of the garnishor, or an action at law by a third party to recover the same fund.

FROM LAWRENCE.

Appeal from the Chancery Court. J. C. Walker, Chancellor.

R. H. Rose for Carroll.

Davis & Hughes and Matthews & Deavenport for Parkes *et al.*

Deaderick, Judge, delivered the opinion of the Court.

The bill in this case was filed in the Chancery Court at Lawrenceburg, as a bill of interpleader, against J. and W. Parkes, Dunston, and Dunn and Edmonston, alleging substantially the following facts: That complainant was Superintendent of Public Instruction in and for the County of Lawrence in 1868; that one Wm. J. Austin was employed as a teacher; and about the 30th of November, 1868, gave an order in favor of one A. W. Bentley on complainant

for $28, which, having no funds, he refused to accept, but endorsed on it, "Order No. 1, presented for acceptance November 30, 1868. S. A. Carroll." This order was subsequently paid by complainant out of funds which came into his hands due to Austin; that about the 2nd of December, 1868, defendant (Parkes) presented to complainant an order drawn by — Austin in favor of said J. and W. Parkes for $114.64, which complainant refused to accept, having then no funds due Austin, but, willing to aid Parkes in securing said sum, complainant wrote on the order these words: "Order No. 2, presented for acceptance December 3, 1868. S. A. Carroll, Sup't, etc.;" that in February, 1869, complainant had in his hands $102.90, due to Austin, after deducting his commissions and the $28 paid Bentley; that while said money was in his hands he was garnisheed in two cases, one at the instance of Dunston and Dunn, and the other at the instance of S. D. Edmonston; both garnishments were returnable before W. Oliver, a Justice of the Peace of the County of Lawrence; that complainant filed written answers in both cases substantially the same as stated in the bill, and, upon such answers, the Justice gave judgment in both cases against him; the judgment against complainant in favor of Dunston and Dunn was for $66.15, and in favor of Edmonston for $14, upon which executions have issued.

The bill alleges that soon after the rendition of the said judgments, complainant notified J. and W. Parkes of the same, and requested them to defend

S. A. Carroll *v.* J. and W. Parkes *et al.*

said suits; the Justice was requested to suspend his judgments for negotiation, but he refused to do so, and thereupon Parkes brought suit upon the order for $114.64 against complainant, which suit is pending and undetermined. Complainant prayed for an injunction, and that the defendant interplead, that he might not be required to pay more than the amount in his hands due Austin.

On demurrer the bill was dismissed and complainant has appealed to this Court.

The decree of the Chancellor dismissing the bill was correct.

No reason is shown why complainant could not make at law all the defences to which he was entitled, and it is too late to invoke the interposition of a Court of Chancery, as to the claims upon which judgments have been rendered. No ground is alleged in the bill to justify a Court of Equity to disturb said judgments. But if complainant could have defended successfully, that he did not do so is clearly attributable to his own neglect. The Justice had jurisdiction of the person and subject matter, and his judgment can not be disturbed for any reason set up in the bill.

It is not necessary, as argued for complainant, that it should appear that there were judgments and executions in favor of the creditor when complainant was garnisheed. The bill does not allege there were not, and it is for the complainant to show by his bill a case entitling him to relief. There being no

allegation to the contrary, the existence of judgments and executions will be presumed, in support of the validity of the proceedings before the Magistrate.

The judgments are beyond the control of · the Chancery Court upon any grounds stated in the bill, and the question of complainant's liability upon the pending suit is unembarrassed at law, and peculiarly appropriate to that jurisdiction.

Let the decree of the Chancellor be affirmed.